IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: Rosuvastatin Calcium Patent<br>Litigation | :<br>:   MDL No. 08-1949<br>: |

## MEMORANDUM ORDER

The Court, having reviewed the parties' letters regarding their latest discovery disputes (D.I. 166, D.I. 168), hereby orders as follows:

1.  Defendants' request to compel immediate production by Shionogi "of documents reflecting the assignment within Shionogi's IP Department of each case or project number to which department members were assigned, as well as what applications within each project number they were assigned, for 1991, 1992 and 1993" is DENIED. Defendants are permitted to continue to explore through depositions, including the forthcoming Rule 30(b)(6) deposition of Shionogi, whether it was common practice – and, if so, how common -- for Shionogi to have divided responsibility for U.S. patent prosecution from responsibility for prosecution of similar or related patent applications in other jurisdictions. Taking account of the breadth of Defendants' request, the burden attendant to producing the documents sought (including the necessity of translating and reviewing for privilege), and the minimal marginal relevance of Shionogi's practices with respect to other patents when Defendants have been provided extensive discovery into Shionogi's handling of the patents-in-suit (and their foreign counterparts), the Court finds no reasonable justification to compel the additional document discovery sought by Defendants' request.

2.  The Court is satisfied that Plaintiffs have adequately explained the basis for, and

extent of, the "disassembling" of documents the Plaintiffs have produced. Plaintiffs have advised Defendants as well as the Court that they are in the process of "reassembling" files and will be reproducing documents in the manner they were kept, and will further make originals available for inspection.

3. There is no basis at this time for providing relief to Defendants with respect to the privilege issue they have raised in their letter to the Court. Given the stage of the proceedings, it is sufficient that Plaintiffs have advised Defendants that, at this point, Shionogi does not contend that its patent department employees were not apprised of the existence of a U.S. duty of disclosure, while at the same time Plaintiffs have reserved the right to refine their position as discovery is completed.

4. The teleconference scheduled for April 27, 2009 at 4 p.m. (D.I. 160) is cancelled.

Dated: April 27, 2009                         United States Magistrate Judge